# Richmond

TESSA LEWIS, ADM'X, OF THE ESTATE OF G. F. STROEBEL,
ETC. v. JENNIE BURRUS STROEBEL.

October 11, 1943.

Record No. 2688.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston
and Spratley, JJ.

The opinion states the case.

*Louis B. Fine,* for the appellant.

*Raymond B. Bridgers* and *V. Hope Kellam,* for the appellee.

HUDGINS, J., delivered the opinion of the court.

The original action in this case was instituted by Jennie Burrus Stroebel against the estate of G. F. Stroebel, who was her divorced husband, claiming $11,000 damages for the failure of the husband to comply with the written contract settling the property rights of each in the property of the other, executed by the parties while the suit for divorce was pending. The jury returned a verdict for plaintiff in the sum of $3,000, which the trial court, on motion of both parties, set aside. On motion, plaintiff was permitted to amend her notice of motion by increasing the amount of damages claimed from $11,000 to $30,000. On motion of

defendant, the case was transferred to the chancery side of the court with direction to the parties to file appropriate pleadings.

The provisions of the contract between the husband and wife pertinent to this controversy are as follows:

"WHEREAS, the said parties hereto desire to contract and agree, subject to confirmation of said Court in said proceedings as to a division of their property rights:

&ast; &ast; &ast; &ast; &ast; &ast;

"The said parties hereto further agree that certain real properties designated as 1101 South Third Street, Burlington, Iowa, now jointly owned by said parties hereto are to be sold, and out of the proceeds therefrom the said party of the first part is to pay the said party of the second party the sum of $1,000.00 in cash.

"It is further agreed that the said party of the second part (Jennie B. Stroebel) is to receive one thousand shares of the capital stock of the Peoples Building and Loan Association of Atlantic City, New Jersey, owned by them.

"The said party of the second part covenants and agrees that the said party of the first part is to have as his individual property, in fee, properties designated as 113 North Delavan Avenue, Atlantic City, New Jersey, together with one additional lot located in said city."

The plaintiff alleged that G. F. Stroebel had failed to pay her the sum of $1,000 when he sold the house and lot situated in Burlington, Iowa, and that he had never delivered to her "1,000 shares of capital stock of the Peoples Building and Loan Association, of Atlantic City, New Jersey."

The administratrix of G. F. Stroebel, in the chancery pleadings, alleged that the $1,000 due Jennie B. Stroebel out of the proceeds of the sale of the Burlington, Iowa, property had been paid; that plaintiff had received all the stock "of the Building and Loan that she was entitled to," except two and one-half shares of stock in the Equitable Building and Loan Association of Atlantic City, New Jersey, issued as a dividend on the stock formerly held by them; and

that she would surrender this stock to Mrs. Stroebel if Mrs. Stroebel would comply with her agreement and convey to the estate of G. F. Stroebel "a one-half undivided interest in certain real estate situated in Atlantic City, New Jersey."

The administratrix further alleged that, while the contract between the husband and wife stated that the husband would transfer to the wife 1,000 shares of capital stock in the Building and Loan Association "owned by them," this statement in the contract was a mistake, that the parties never owned 1,000 shares of stock in the Building and Loan Association, and that it was the intent of the parties for the wife to receive $1,000 in capital stock at that time owned by them in the Building and Loan Association.

No separate written answer to the cross bill seems to have been filed by plaintiff, although the decree from which this appeal was taken states that the cause came on to be "heard upon the papers formerly read, and upon the answer and cross-bill of the defendant filed in this cause, and the answer to said cross-bill and replications to said answers." This decree ordered the administratrix to pay to the plaintiff the sum of $11,000, and ordered the plaintiff, within thirty days, to file with the clerk of the trial court a deed conveying the plaintiff's one-half interest in certain real estate situated in Atlantic City, New Jersey, and more fully described in the bill. The clerk was directed to deliver this deed to the administratrix or her attorney upon the payment of the $11,000 judgment. From this decree, the administratrix obtained this appeal.

The petition for appeal contains only one assignment of error, as follows: "The error assigned is that the Circuit Court erred in entering the decree of August 7th, 1942, in awarding the complainant a judgment of eleven thousand dollars ($11,000.00)."

The evidence for plaintiff consists of the depositions of two witnesses, Jennie Burrus Stroebel and Norman O. Burrus, taken pursuant to notice in the city of Burlington, Iowa, and filed with the common law papers on the 14th

day of May, 1942, and the testimony of one witness, John P. Dekker.

Mrs. Stroebel stated that the property formerly owned by her and her husband in Burlington, Iowa, had been sold and that she had received the $1,000 promised to her out of the proceeds. This positive statement eliminates from further consideration the claim to the $1,000 set forth in the notice of motion.

On direct examination, Mrs. Stroebel stated that she had not received 1,000 shares of capital stock of the Peoples Building and Loan Association of Atlantic City, New Jersey, nor had she received any payment or its equivalent for this block of stock. Her cross-examination, in part, is as follows:

"Q9. Isn't it a fact that this stock was in both your names?

"A. Yes.

\*　　　\*　　　\*　　　\*　　　\*　　　\*

"Q11. He turned it over to you when you were divorced?

"A. I do not think he did.

"Q12. Didn't you have the certificate in your possession at that time?

"A. I can't swear to that.

"Q13. Did you have your nephew, Norman O. Burrus, write some letters for you?

"A. Yes.

"Q14. Did he or not send that stock to the Peoples Building and Loan Association at Atlantic City?

"A. I do not know.

"Q15. Did you ever write to the company asking them to transfer it to your name?

"A. I never did.

"Q16. Did you have Mr. Norman O. Burrus do that for you?

"A. No. If he did it, I know nothing about it."

Norman O. Burrus testified that he "understood there was 1,000 shares of stock issued to them" (Mr. and Mrs.

Stroebel), but that he never saw the stock and did not know how it was issued. He had the National Bank of Burlington write a letter of inquiry but did not know whether it received any reply. He made inquiry as to the value of the stock and was informed that it was worth "about forty cents on the dollar."

John P. Dekker testified that he was an investment broker living in the city of Norfolk and that, upon request, he had ascertained that the value of stock in the Peoples Building and Loan Association of Atlantic City, New Jersey, was thirty cents on the dollar.

The record contains no evidence tending to prove the par value of the stock in controversy. If the present value of the stock is thirty cents on the dollar, as some witnesses stated, then 1,000 shares of stock with a par value of $1.00 would be worth $300. Under the same conditions, if the par value were $100 per share, the present value of 1,000 shares would be $30,000. Whatever may be the par value of the stock, there is no evidence to support the judgment of the trial court fixing the value of the 1,000 shares at $11,000. It follows that the judgment must be reversed.

Code 1919, sec. 6365, requires this court to render final judgment whenever "in the opinion of the court the facts before it are such as to enable the court to attain the ends of justice." In obedience to this mandate, we re-examine the record to ascertain if the evidence introduced by the parties is sufficient to decide the case on the merits.

The purpose of the parties in executing the contract, the object to be attained and the language used indicate clearly that the parties were dealing with property then owned by either or both of them. Indeed, the paragraph of the contract describing the Building and Loan stock states that this particular property was "owned by them." This meaning is reasonably clear from the contract itself. However, Mrs. Stroebel stated that the stock for which she instituted the action stood on the books of the company in the name of Mr. and Mrs. Stroebel, and that, before the date of the contract with her husband, she had as much interest in the

stock as her husband did. Her testimony, on this issue, was positive. She was uncertain whether the stock had been delivered to her as she could not swear that the stock certificates were in her possession, and she did not "think" that her husband had turned them over to her.

The evidence for defendant is that, when the contract between the husband and wife was executed in September, 1938, a divorce suit was pending, in which Mr. Ralph H. Daughton represented the husband and Mr. Alfred Anderson represented the wife. Mr. Alfred Anderson died before the taking of the evidence, but Mr. Daughton testified that, before the divorce decree was entered on December 4, 1939, all matters had been settled between the parties, otherwise he was certain that Mr. Anderson would not have endorsed the decree. On this point, this witness said: "There is no guess or speculation. I lived through it (the controversy between husband and wife) three or four years * * * ."

Miss Tessa J. Lewis stated that she worked for Mr. Stroebel several years prior to his death and was familiar with his financial affairs, that he and his wife at no time owned more than twenty-five shares of Building and Loan Association stock and two and one-half shares issued as a dividend on that stock. Soon after Stroebel's death, the administratrix received a letter requesting that she, as administratrix, transfer to plaintiff two and one-half shares of stock still standing on the books of the company in the name of decedent. This she offered to do provided plaintiff would deliver her a proper deed conveying plaintiff's interest in the real estate in Atlantic City, New Jersey.

S. J. Woodhouse was examined as a hostile witness by counsel for defendant. He identified, and filed as an exhibit with his testimony, the following bill:

"Va Beach, Va. Jan. 29/40.

"G. F. Stroebel Dr

"To S. J. Woodhouse for Services Rendered      $500.00 from May 1st. 1938 to Oct 10th. 1938

"40 trips from Third St (Stroebel's Store) to Norfolk, Va and return talking to his creditors, negotiating loan, getting up information relative to Wolfco Inc. 10 of these trips made interviewing his former wife Jennie Stroebel relative to division of bonds, real property and personal things in their residence in Edgewater. These ten trips to see Mrs. Stroebel made the agreement possible which was signed by Mr and Mrs Stroebel in Alfred Anderson's office and finally approved by the Court which also made their divorce possible. 3 of the ten trips to Mrs Stroebel's were spent in dividing their furniture, books and other household property. I personally supervised this as well as the division of real property and money.

"During the 40 trips to norfolk we spent practically the whole day seeing various people and going to and from the city.

| | |
|---|---|
| I figure this as $10.00 per trip | $400.00 |
| "Trip to Atlantic City N. J. when I sold $5,000.00 worth Bldg and Loan stock | 100.00 |
| total | $500.00 |
| "Expenses to Atlantic City N. J. and return | 40.00 |
| | $540.00 |
| "Credit mdse from Stroebel's store $34.28 | |
| "$10.00 advanced for exp. to Atlantic, N. J. 10.00 | |
| "Check to me from proceeds *if* B&L stock in Atlantic, N. J. 10.00 | |
| "Cash handed me in Norfolk, Va. 70.00 | |
| "Cash advanced me by J. F. Woodhouse for Stroebel $25.00 | |
| total credit $239.28 | |
| Balance due $300.72" | |

The administratrix refused to pay the bill. Thereupon action was brought on it in the trial justice court for Princess Anne county, in which action judgment was rendered for the administratrix.

It will be noted that in this bill the witness claimed that he personally supervised the division of the tangible personal property, the real estate and the money between the husband and wife. Another item is the $100 charged for a trip to Atlantic City, "when I sold $5,000 worth Building and Loan stock." The witness testified that he received only $1,500 for this stock. He offers no explanation for accepting $1,500 for stock he alleged was worth $5,000.

This witness admitted that he was acting as agent for Mrs. Stroebel, that he had consulted different attorneys, that he had employed the attorneys to bring this action for Mrs. Stroebel, and that when she, as a non-resident, was required to give security for costs he had arranged the bond. Thereupon he was asked: "Then you are the 'man behind the gun,' are you not? What do you expect to get out of this, Woodhouse?" To which he replied: "I will not answer that question." Counsel said: "You will not answer that question?" And he replied "No." The court should have required the witness to disclose his interest in the pending litigation.

The same witness identified a letter that he had received from Mrs. Stroebel, reading as follows:

"Burlington, Iowa, 12/21/39.

"Dear Mr. Woodhouse:

"Have been very, very ill, hence my long silence.

"I do hope the late Mr. Stroebel paid what was due you. Just had word of his passing. Wish I had *my* machine and jewelry.

"I have a very small income, and getting along best I can, but would be glad to have *my* things from that creature he lived with. Am I right?

"I will not soon forget the great kindness you and Mr. Anderson have shown me. I will duly appreciate any information regarding his affairs, and if I can claim anything else he had left.

"I hope you have all success in the future, and a merry Christmas and happy New Year.

"Thanking you in advance, I remain,

"Yours sincerely,

"MRS. JANE BURRUS,
"NEE STROEBEL."

The court excluded from consideration the testimony of this witness and the two exhibits filed, but we think the testimony and the exhibits are pertinent evidence. When weighed with the uncertain testimony of plaintiff herself, they clearly indicate that Mrs. Stroebel, before her husband's death, had had a final settlement and division of all tangible and intangible property, except two and one-half shares of Building and Loan stock which seems to have been overlooked by the parties, and that she was satisfied with this settlement.

The fact that the twenty-seven and one-half shares of stock were all the shares of stock ever owned by the parties, or either of them, in the Peoples Building and Loan Association of New Jersey and the Equitable Building and Loan Association of New Jersey is confirmed by the depositions of the secretaries of the respective corporations. However, the depositions of these two witnesses were excluded on the ground that the defendant had failed to give plaintiff sufficient notice. The exclusion of these depositions is immaterial as this fact appears from the testimony of other witnesses.

For the reasons stated, the decree of the trial court, awarding judgment against the defendant in the sum of $11,000, is reversed, and a final decree will be entered in this court requiring plaintiff to convey, by proper deed, to the estate of G. F. Stroebel her interest in real estate desig-

nated as "113 North Delavan Avenue, Atlantic City, New Jersey, together with one additional lot located in said city," and defendant to transfer to plaintiff the two and one-half shares of stock mentioned and described.

*Reversed and final decree.*